## In re SPINNELLA et ux.

(District Court, S. D. New York.   October 31, 1924.)

**1. Aliens ⊜⇒46—Statute relating to aliens returning from temporary visit abroad administered according to equitable principles.**

Act May 26, 1924, relating to aliens previously lawfully admitted to the United States returning from temporary visit abroad, was intended to be administered on equitable principles, and should be so interpreted.

**2. Aliens ⊜⇒51½, New, vol. 16A Key-No. Series—Aliens returning from temporary visit abroad held entitled to admission, though nonquota visas omitted from passports.**

Where aliens returning to United States from temporary visit to Italy were entitled to nonquota visa on their passports by American consul in Italy, under Act May 26, 1924, they were entitled to admission, under maxim that equity looks on that as done which ought to have been done, though notation on their visas merely recited that it was in lieu of nonquota visa.

Petition for habeas corpus by their next friend, Francesco Cusakano, by Francesco Spinnella and wife, detained at Ellis Island, port of New York.   Writ sustained, and relators discharged from custody.

Gilchrist Stewart, of New York City, for relators.

William Hayward, U. S. Atty., of New York City (James C. Thomas, Asst. U. S. Atty., of New York City, of counsel), for respondent.

WINSLOW, District Judge.   Francesco Spinnella and his wife arrived at the port of New York from Italy on August 25, 1924.   From the testimony before the board of special inquiry it appears that the husband arrived in the United States prior to his last entry in 1905, and his wife in 1910. Both remained in the United States until August 10, 1922.   An examination of the visas on their passports reveals that they were issued after warning.   They contained the following rubber-stamped statement: "Visa insisted on after warning.   Granted." There is also a notation on the visé as follows: "In lieu of nonquota visa.   R. E. L." The visé was issued after the payment of the $9 fee as required by law, and contains the seal of the American consul, with the signature of Robert E. Leary, vice consul. Apparently, the initials "R. E. L." after the quotation, "In lieu of nonquota visa," are the initials of the vice consul, showing that he placed them there.

The relators, if found to be returning from a temporary visit abroad, are under the provisions of section 4, subsection (b) of the Act of May 26, 1924 (43 Stat. 155), nonquota immigrants.   The board, in excluding the aliens, found them to be nonquota immigrants, but not in possession of nonquota immigration visas, as required by section 13 (a) (1) of the act.

There is a favorite maxim in equity that equity regards as done that which ought to be done, and stated differently: "Equity looks upon that as done which ought to be done."   "Equity considers that as done which ought to have been done."   "Equity regards and treats that as done which in good conscience ought to be done."   U. S. v. Colorado Anthracite Coal, 225 U. S. 219, 223, 32 S. Ct. 617, 56 L. Ed. 1063.

[1] We speak of the view which equity would take of the matter, because it is manifest that the Act of May 26, 1924, proceeds upon equitable principles and is intended to be administered accordingly, and this should be interpreted with appropriate regard to the spirit which prompted it.   The act required aliens seeking admission into the United States, who were previously lawfully admitted to the United States, and who were returning from a temporary visit from abroad, to apply for an immigration visa.   There are three kinds—the quota immigration visa, the nonquota immigration visa, and a permission to return.

[2] The record reveals from the notations on the visas that they are returning aliens, and that their visa was issued "in lieu of nonquota visa."   In other words, the American vice consul in Italy did not give the alien a nonquota visa, because, apparently, he had no such forms.   The act was passed on May 26, 1924, and the aliens applied for their visas on June 2, 1924, which date is indorsed on the visas.

Under the circumstances, it appears that the alien asked for a visa certificate and should have been given a nonquota visa certificate.   His testimony before the board of special inquiry convinced the board that he was a nonquota immigrant.   The rule, therefore, to be applied in this situation, is that this court will look upon that as done which ought to have been done, and holds that the alien had that which the law required.

The writ must therefore be sustained, and the relators discharged from custody.