## Ex parte SEID SOO HONG.

District Court, N. D. California, January 14, 1928.

### No. 19530.

**Aliens ⊂⇒31—Findings of Board of Review entitled minor son of Chinese merchant to entry notwithstanding application for admission was not on approved form.**

Where the Board of Review found all the facts necessary to entitle petitioner to enter as minor son of a Chinese merchant, whom he accompanied, the fact that a required application for admission made before the consul in Hong Kong was not made out on the appropriate prescribed form was not a valid ground for his exclusion.

Habeas Corpus. Petition by Seid Soo Hong for writ of habeas corpus. On demurrer to petition. Demurrer overruled, and writ granted.

Geo. A. McGowan, of San Francisco, Cal., for petitioner.

George J. Hatfield, U. S. Atty., and R. M. Lyman, Jr., Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

KERRIGAN, District Judge. Seid Soo Hong, petitioner in this case, is of the Chinese race. He is a boy 14 years old, who arrived at the port of San Francisco in the company of his father. The father, Seid Soo, obtained a citizen's return certificate for a trip to China in 1912, and was readmitted as a citizen in 1913. On later trips his application for a citizen's return certificate has been denied. On the present trip he held, and was admitted to the United States on account of, a merchant's return certificate. In reviewing the case of the son, the Board of Review concedes that Seid Soo is a merchant and that Seid Soo Hong is his minor son. The Board also reviews the father's claim to citizenship and rejects it. On these findings the petitioner would be admissible to the United States as the minor son of a merchant, if he had complied with the passport or visa regulations pertaining to the nonquota immigrants of his class. On this point the Board finds:

"It remains a fact, however, that the applicant has no section 3(6) visa under the Act of 1924 [8 USCA § 203], and is therefore inadmissible as the minor son of a merchant."

The pertinent rule of the Department of Labor reads as follows:

"2–A. Chinese merchants coming solely to carry on trade under and in pursuance of treaties of commerce and navigation are re-

quired to present section 6 certificates, together with nonimmigrant section 3(6) visas. If their alien wives and minor children accompany the husband and father they must present upon arrival at the port *an affidavit, which need not be viséed, but must be prepared upon the application form of the State Department for nonimmigrant* visa. If such alien wives and minor children do not accompany the husband and father they must present upon arrival at the port a duly viséed affidavit, prepared upon the State Department form mentioned in the preceding sentence."

Examination of the record in this case shows that the father, Seid Soo, presented himself to the consul in Hong Kong and applied for admission for his son as the son of a citizen. The son's papers were made out on this basis. On arrival here additional affidavits were prepared basing his right to enter upon the fact that he is the minor son of a merchant. On rejection of the son's claim to enter as the son of a citizen, the Board found the status necessary to admit him as the son of a merchant, but rejected him because he "has no section 3(6) visa" (8 USCA § 203). The father has a visa as a merchant. Reading of the italicized portion of the regulation above cited shows that since the son accompanied the father, no independent visa was required for the son. The only thing which the son did not do which he should have done was to make his affidavit upon the special form of the State Department. All of the necessary information has come before the immigration authorities, and they have found the facts essential to his admission. It is a situation not unlike that in Re Spinnella (D. C.) 3 F.(2d) 196, where, in the absence of the proper forms, the consul failed to give the petitioners a nonquota visa, noting that the visa was in lieu of nonquota visa. The granting or denying of a visa involves the exercise of discretion by consular officers with which the courts will not interfere, but the same rule does not apply to the form upon which an application is prepared. In this case the court will not penalize petitioner for claiming a different status than the one found by requiring that he be deported to China, where, on securing the necessary application plus a visa, he is obviously eligible for admission. The court will look upon that as done which ought to have been done.

The demurrer to the petition is overruled. The writ is sustained; petitioner discharged from custody.