KEATING ex rel. MELLO et al. v. TILLINGHAST, Commissioner of Immigration.

District Court, D. Massachusetts. January 31, 1928.

No. 3832.

1. Aliens ⟨⟩46—Illiterate alien held properly excluded notwithstanding mistaken representation by vice consul (Act Feb. 5, 1917, § 3 [8 USCA § 136]; Immigration Act 1924, § 2 [g], being 8 USCA § 202).

Exclusion of alien, who, though over 16 years, was unable to read in any language, was proper under Act Feb. 5, 1917, § 3 (8 USCA § 136), notwithstanding mistaken representation by vice consul that alien was exempt from exclusion by reason of illiteracy; such representation not being binding in view of Immigration Act 1924, § 2 (g), being 8 USCA § 202.

2. Aliens ⟨⟩54(17)—Finding of fact by Immigration Department is conclusive, if supported by substantial evidence and no erroneous rule of law has been applied.

Finding of fact by the Department of Immigration is conclusive, if there has been a fair hearing revealing substantial evidence to support finding and there has been no application of an erroneous rule of law.

Habeas Corpus petition for writ by Cornelius F. Keating, on the relation of Antonio Mello and others, against Anna C. M. Tillinghast, Commissioner of Immigration. Petition denied.

Cornelius F. Keating, of Boston, Mass., for plaintiffs.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass., for defendant.

BREWSTER, District Judge. This is a case presenting unusual hardships, all the more regrettable because the Immigration Department has conceded that the situation was created by the vice consul at St. Michaels, Azores, who, at the time he issued to the aliens nonquota immigration visas, represented to them that, inasmuch as the father and husband was a native of Brazil, he and his wife and child would be exempt from exclusion by reason of illiteracy.

[1] They were examined on arrival. Antonio was unable to read in any language, and he was therefore excluded as an alien over 16 years of age, physically capable of reading, who could not read the English language or some other language or dialect. Section 3, Act of February 5, 1917 (8 USCA § 136).

Subsequently the case was reopened in order to give Antonio another opportunity to pass the literacy test, but again he failed to read anything in Portuguese or any other language. Thereupon the Commissioner of Immigration at Boston, with full appreciation of the hardship that had been worked by the mistakes of the vice consul at St. Michaels, reported the facts to the Department of Labor at Washington, apparently in the hope that the Department would find some way of admitting the applicants. The Department, however, again affirmed the excluding decision, and this petition for writ of habeas corpus is brought to secure the release of the aliens from the custody of the respondent.

It is clear from the record that the aliens have been granted a fair hearing, and the only justification for interference by the court would be a finding that the Department proceeded upon some erroneous view of the law. Unfortunately for the applicants, I am unable to find any such error. It is conceded that the official issuing the visa was in error in assuring the immigrants that they were exempt from the literacy test by virtue of the nationality of the father.

Section 2 (g) of the Immigration Act of 1924 (8 USCA § 202) provides as follows:

"Nothing in this act shall be construed to entitle an immigrant, to whom an immigration visa has been issued, to enter the United States, if, upon arrival in the United States, he is found to be inadmissible to the United States under the immigration laws.

The substance of this subdivision shall be printed conspicuously upon every immigration visa."

It would not be seriously contended that an official attached to the consular service could waive any requirement of the immigration law, and the section above quoted clearly negatives his right to pass upon the admissibility of an alien applying for a nonquota immigration visa. The temptation is strong to hold the government bound by some theory of estoppel, but to do so in this instance would be to virtually suspend the operation of certain sections of the immigration law, which clearly the court would not be justified in doing. Cheung Sum Shee v. Nagel, 268 U. S. 336, 45 S. Ct. 539, 69 L. Ed. 985. The situation is quite different from that presented in In re Spinnella (D. C.) 3 F.(2d) 196, cited by counsel for the petitioner.

[2] To hold that the immigration authorities at the port of entry are bound by representations, true or false, made to an immigrant by some one attached to the Department of State, would be to establish an exceedingly dangerous and troublesome precedent. The immigration laws confer upon the Department of Immigration the right to pass upon the admissibility of aliens applying for admission, subject to a limited right of review by the courts. A finding of fact by this Department is conclusive if there has been a fair hearing, revealing substantial evidence to support the finding, and there has been no application of an erroneous rule of law. Ng Fung Ho v. White, 259 U. S. 276, 42 S. Ct. 492, 66 L. Ed. 938.

It follows, therefore, that this court has no alternative other than to deny the petition for a writ of habeas corpus.